**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NATASHA HARRISON,

     **Plaintiff,**                  **Case No:**

**vs.**

**SOUTHERN EQUIPMENT CORPORATION,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NATASHA HARRISON, hereinafter referred to as "PLAINTIFF," by and through her undersigned attorneys, hereby sues the Defendant, SOUTHERN EQUIPMENT CORPORATION, hereinafter referred to as "DEFENDANT," and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. This Court has supplemental jurisdiction over Plaintiff's related state law claim because that claim arises from the same common nucleus of operative facts as Plaintiff's federal claims.

1

3.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

4.     All conditions precedent to bringing this action have occurred.

5.     On January 13, 2026, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), designated Charge No. 511-2026-01131.

6.     On August 12, 2026, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Notice of Right to Sue.

7.     More than 180 days have passed since the filing of the Charge of Discrimination.

## PARTIES

8.     Plaintiff is a resident of Hillsborough County, Florida.

9.     Defendant is a corporation authorized and doing business in Hillsborough County, Florida, with its principal place of business at 1401 US Highway 301 North, Tampa, Florida 33619.

## GENERAL ALLEGATIONS

10. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

11. At all times material, Defendant employed more than fifteen (15) employees and, in fact, employed more than one hundred fifty (150) employees.

12. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff began her employment with Defendant in or about April 2024 as a Human Resources Generalist.

15. Throughout her employment, Plaintiff performed her job duties competently and met the legitimate expectations of her employer.

16. In or about May 2025, Plaintiff learned that she was pregnant and notified Defendant that she would require medical leave related to her pregnancy.

17. On or about July 23, 2025, and shortly before Plaintiff's leave was to begin, Defendant's President, Brian Flynn, sent Plaintiff an email admonishing her communications with Human Resources Manager Carol Lobello and directing her to "focus your efforts on bringing people up to speed prior to the start of your

FMLA."

18.    On July 28, 2025, Plaintiff began approved medical leave with an anticipated return-to-work date of October 24, 2025.

19.    While Plaintiff was on leave, Defendant reassigned Plaintiff's job duties to other employees, including having another employee absorb responsibilities that had been Plaintiff's.

20.    Plaintiff subsequently experienced pregnancy-related and postpartum medical conditions that required additional recovery time and medical leave.

21.    Plaintiff obtained ongoing treatment for her health conditions.

22.    On or about October 6, 2025, Plaintiff notified Carol Lobello, Human Resources Manager, that she would need a reasonable accommodation in the form of a finite extension of her medical leave through January 6, 2026 so that she could recover and return to work.

23.    On October 10, 2025, Plaintiff's treating physician examined Plaintiff and issued written documentation excusing her from work with an ability to return to work on January 6, 2026.

24.    On October 17, 2025, Ms. Lobello provided Plaintiff with medical certification forms. Plaintiff's physician completed the forms, and Plaintiff promptly submitted the completed forms to Ms. Lobello.

4

25.     After Plaintiff submitted the completed medical certification forms, Ms. Lobello responded by email stating: "Thank you, Natasha. Please give us some time to review it and I will get back with you by the end of next week."

26.     Defendant never followed up, never approved or denied Plaintiff's accommodation request, and never engaged in any interactive process with Plaintiff regarding her accommodation request, despite Plaintiff's submission of medical documentation and her repeated availability to discuss accommodations.

27.     Plaintiff repeatedly followed up with Defendant regarding her request for an extension of her leave of absence, including through emails directed to Ms. Lobello and Mr. Flynn.

28.     Instead of engaging in the interactive process, while Plaintiff was still on approved medical leave and awaiting a response to her accommodation request, Defendant began removing Plaintiff from her position. In or about late November 2025, Plaintiff learned that her office had been reassigned to another employee.

29.     On December 4, 2025, Plaintiff's work email access was disabled.

30.     By letter dated December 19, 2025, signed by Carol Lobello, Defendant notified Plaintiff that her employment was terminated effective January 1, 2026, before her anticipated return-to-work date of January 6, 2026, and without ever responding to her pending accommodation request. By terminating

5

Plaintiff's employment while her accommodation request remained unanswered, Defendant effectively denied her requested accommodation.

31.     Defendant never engaged in any interactive process with Plaintiff regarding her accommodation request, despite Plaintiff's submission of medical documentation, her repeated follow-up communications, and her expressed availability to discuss accommodations. By terminating Plaintiff's employment effective January 1, 2026, before her anticipated return-to-work date of January 6, 2026, and without ever approving, denying, or otherwise responding to her pending accommodation request, Defendant effectively denied Plaintiff's requested accommodation at the precise moment she was poised to return to work.

32.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages and benefits, loss of the value of her employment, and emotional pain and suffering.

**COUNT I**
**PREGNANT WORKERS FAIRNESS ACT ("PWFA")**
**FAILURE TO ACCOMMODATE AND ADVERSE ACTION**

33.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 32 as if set out in full hereafter.

34.     Plaintiff is an individual protected by the PWFA.

35.     Plaintiff had known limitations related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions, and Plaintiff was able to perform the essential functions of her position with a reasonable accommodation.

36.     By the conduct described above, Defendant failed to accommodate Plaintiff's known limitations related to her pregnancy, childbirth, and related medical conditions, failed to engage in the interactive process, and took adverse action against her after she requested accommodations, in violation of the PWFA.

37.     As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering;

      e.      Punitive damages;

      f.      For costs and attorneys' fees;

      g.      Injunctive relief;

      h.      For any other relief this Court deems just and equitable.

## COUNT II

## AMERICANS WITH DISABILITIES ACT ("ADA")
## FAILURE TO ACCOMMODATE

38.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 32 as if set out in full hereafter.

39.     Plaintiff is an individual with a disability within the meaning of the ADA in that she had physical and mental impairments, including postpartum depression and pelvic pain from pelvic floor dysfunction, that substantially limited one or more major life activities.

40.     Plaintiff was a qualified individual who, with a reasonable accommodation, could perform the essential functions of her position.

41.     Defendant had notice of Plaintiff's disability and her need for a reasonable accommodation, and Plaintiff requested a reasonable accommodation in the form of a finite extension of her medical leave through January 6, 2026 and the ability to work from home.

42.     By the conduct described above, Defendant failed to provide Plaintiff a reasonable accommodation and failed to engage in the interactive process in good faith, in violation of the ADA.

43.     As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Punitive damages;

f.    For costs and attorneys' fees;

g.    Injunctive relief;

h.    For any other relief this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT ("ADA")
## RETALIATION

44.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 32 as if set out in full hereafter.

45.    Plaintiff engaged in protected activity under the ADA when she requested a reasonable accommodation for her disability and objected to Defendant's failure to accommodate her.

46.    Plaintiff suffered an adverse employment action, including the elimination of her position and the termination of her employment, after engaging in protected activity.

47.    There is a causal connection between Plaintiff's protected activity and the adverse employment action taken against her, as Defendant terminated

Plaintiff's employment while she was awaiting a response to her accommodation request and expressly relied on the effects of her protected leave and accommodation request as the basis for her termination.

48.     The above-described acts of retaliation constitute a violation of the ADA.

49.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.     Back pay and benefits;

    b.     Interest on back pay and benefits;

    c.     Front pay and benefits;

    d.     Compensatory damages;

    e.     Pecuniary and non-pecuniary losses;

    f.     Costs and attorneys' fees;

    g.     Punitive damages; and

    h.     For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as of right.

Dated: August 13, 2026.

10

FLORIN | GRAY

/s/ *Troy Longman II*

**Troy Longman II**
Florida Bar No. 1031921
tlongman@floringray.com
debbie@floringray.com
**Wolfgang M. Florin**
Florida Bar No. 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff

11